El Pueblo de Puerto Rico, demandante y apelado, *v.* Demetrio Meléndez, acusado y apelante.

No. 4959.—*Sometido:* Enero 18, 1934. *Resuelto:* Marzo 14, 1934.

*J. Valldejuli,* abogado del apelante; *R. A. Gómez, Fiscal,* abogado
. de El Pueblo, apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tri-
bunal.

Esta apelación la interpuso Demetrio Meléndez contra
sentencia que lo condena por vender leche de vaca adulte-
rada.

Demetrio Meléndez y Francisco Rivera fueron acusados
conjuntamente de que tenían para la venta y vendían para el
consumo humano leche de vaca adulterada con agua. Los
acusados comparecieron sin abogado en la corte inferior. Al
ser llamado este caso para celebrar el juicio el fiscal solicitó
de la corte que le concediese permiso para enmendar la acu-
sación a fin de alegar en ella la reincidencia de Demetrio
Meléndez, y le fué concedido. Esa nueva alegación dice que
Demetrio Meléndez antes de cometer el delito que se le im-
puta fué condenado por la Corte de Distrito de San Juan
por el delito de adulteración de leche. Después la corte, se-
gún la transcripción taquigráfica, preguntó a los acusados qué
alegación hacían, contestando Francisco Rivera que la de cul-
pable y Meléndez la de ser inocente.

Cuando compareció el primer testigo del fiscal, éste pre-
guntó al acusado Demetrio Meléndez qué alegación hacía en
cuanto a haber sido condenado anteriormente por el mismo
delito, si era verdad o no, y el acusado contestó que es ver-
dad, por lo que a instancia del fiscal ordenó la corte que se
hiciera constar una alegación de culpabilidad en cuanto a su
reincidencia. La sentencia en esta causa condena a los dos
acusados, imponiendo la pena de Meléndez como reincidente.
Meléndez es el apelante.

El primer motivo alegado para esta apelación es por-
que la corte permitió al fiscal que enmendara la acusación
sin que se le entregara copia de ella al apelante ni se le diera
tiempo para defenderse.

El apelante tenía derecho a que se le entregase copia de la acusación enmendada pero la entrega de tal copia no es un derecho substancial, por lo que puede ser renunciado, como lo fué en este caso por no solicitar el apelante que se le entregara esa copia y haber hecho su alegación de culpabilidad en cuanto a la reincidencia. Copiamos de 16 C. J. 793, párrafo 2021, lo siguiente:

*"Petición para que se entregue copia de la acusación.*—El derecho de un acusado a una copia de la acusación es considerado generalmente como un privilegio que puede ser renunciado y una oportuna y adecuada petición para que se entregue copia al acusado o a su abogado se considera de ordinario indispensable. De otro modo, el derecho a obtenerla se considera renunciado, como por ejemplo, cuando él hace alegaciones y va a juicio sin solicitar tal copia o sin hacer objeción a la falta de habérsele entregado, y se ha resuelto que esto es así aunque un precepto constitucional garantice al acusado el derecho a obtener una copia de la acusación. Según algunas jurisdicciones, la solicitud para la entrega de dicha copia puede o debe hacerse al fiscal en corte abierta, o al secretario de la corte, mediante el pago de los derechos correspondientes."

Se dice en el segundo motivo del recurso que fué error de la corte inferior haber sentenciado al acusado sin que se le haya declarado culpable, no apareciendo de la transcripción de la evidencia que este acto se realizara en corte abierta. Sin embargo, de la transcripción de autos aparece lo siguiente, que es suficiente contestación a ese alegado error: "La corte, por el resultado de la prueba practicada y vista la ley y la jurisprudencia en cuanto es de aplicación al acusado Demetrio Meléndez, declara a ambos acusados culpables de infracción a la sección primera de la Ley No. 77 de 1925 y condena. . ."

El tercer motivo de error dice así:

"Haber sentenciado al acusado a la dura pena de seis meses de cárcel y $500.00 de multa sin que se demostrara más allá de duda razonable que el coacusado Demetrio Meléndez fuera empleado o agente de Francisco Rivera."

La acusación no imputa al apelante que estuviera vendiendo leche adulterada como agente del otro acusado Francisco Rivera sino que ambos la vendían; y la sentencia tampoco condena al apelante como agente de Rivera. A los dos los condena porque vendían tal leche. La prueba del fiscal demostró que el apelante estaba vendiendo esa leche. Fué el apelante quien trató de demostrar con su sola declaración que él estaba vendiendo la leche por amistad con Rivera, cuando éste salió del puesto de leche temporalmente. Aun creyendo la corte inferior esa prueba, tal hecho no eximía de responsabilidad al apelante porque aun así estaba vendiendo leche adulterada.

El cuarto y último motivo de la apelación está comprendido en el precedente, pues lo que en él se dice es que la sentencia es contraria a la evidencia.

*La sentencia apelada debe ser confirmada.*